UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HECTOR L. VALENTIN,

                    Plaintiff,                              DECISION & ORDER

        v.                                                  11-CV-6238CJS

CITY OF ROCHESTER, et al.,

                    Defendants.

---

Hector L. Valentin ("Valentin") filed this action *pro se* against the City of Rochester, the Rochester Police Department and various individuals employed by the City of Rochester (collectively, the "City defendants") and the County of Monroe and various individuals employed by Monroe County (collectively, the "County defendants") asserting claims under 42 U.S.C. § 1983 arising out of a 2001 criminal prosecution against him.  (Docket # 1). Currently pending before this Court is Valentin's motion to compel responses to discovery demands.  (Docket # 32).  For the reasons discussed below, Valentin's motion to compel is granted in part and denied in part.

**PROCEDURAL BACKGROUND**

Although Valentin commenced this action *pro se*, an attorney subsequently entered a notice of appearance on Valentin's behalf.  (Docket # 11).  On March 14, 2013, through his counsel, Valentin filed a motion to compel, asserting that defendants had failed to respond to

interrogatories and document requests served on February 29, 2012.  (Docket # 20).  The motion did not attach the relevant discovery demands as exhibits.

        In early April 2013, in response to the motion, the County defendants informed Valentin's counsel that they had not been served with any discovery demands.  (Docket # 39 at ¶ 7 and Ex. A).  Valentin's counsel responded that the discovery demands were contained within Valentin's initial disclosure.  (*Id.* at Ex. A at 2).  In response, the County defendants informed Valentin's counsel that they did not construe plaintiff's Rule 26(a)(1) disclosure as a discovery demand and did not read it to request the production of any documents.  (*Id.* at 1).  Valentin's counsel agreed to adjourn the motion to compel and stated that he would "probably agree to withdraw the motion."  (*Id.*).  Seven days later, Valentin's counsel served the County and City defendants with discovery demands.  (*Id.* at Ex. D).  On May 3, 2013, Valentin's attorney withdrew the motion to compel.  (Docket # 31).

        During this same time period, counsel for all parties discussed extending the Court's scheduling order to enable the parties to complete discovery.  (Docket # 39 at Ex. B).  On April 16, 2013, the Court amended the scheduling order at the parties' request.  (Docket # 24).  Valentin was apparently dissatisfied with his attorney's consent to the extended scheduling order and filed an affidavit on May 6, 2013 informing the Court that he wished to proceed *pro se*. (Docket # 26).  In the affidavit, Valentin expressed displeasure over his representation and the manner in which discovery had been conducted.  (*Id.*).  On May 10, 2013, Valentin filed another affidavit expressing continued displeasure over the entry of the amended scheduling order and the conduct of discovery.  (Docket # 27).  Also on May 10, 2013, Valentin filed a copy of an "Amended Initial Disclosure," which he contends contain discovery demands.  (*Id.* at 2; Docket

# 28).  Approximately two weeks later, a Stipulation and Order was entered terminating

Valentin's attorney and permitting Valentin to proceed *pro se*.  (Docket # 30).

On July 1, 2013, Valentin filed the pending motion to compel.  (Docket # 32).

Valentin's motion reiterates his displeasure with the communications and agreement between his

previous attorney and the attorneys for the defendants regarding the extension of the discovery

deadlines.  (*Id.* at 3-4).  In addition, Valentin maintains that he did not authorize his previous

attorney to withdraw his earlier motion to compel.  (*Id.* at 3).  Valentin further contends that the

defendants have failed to respond to his "Initial Disclosure Motion" – which this Court interprets

to mean his initial disclosures filed on May 10, 2013.  (Docket # 28).  In addition, Valentin

contends that he demanded additional discovery by letter dated April 29, 2013.  (Docket # 32 at

4-5).  Finally, Valentin reiterates his request to proceed *pro se* and requests that an individual

named "Richard Rolfe" be permitted to assist Valentin as "an advocate" at court appearances.[1]

(*Id.* at 7-8).

The County defendants oppose the motion.  (Docket # 39).  According to the

County defendants, they were not properly served with discovery demands until April 17, 2013.

(*Id.* at ¶ 10).  Thus, the County defendants contend that Valentin's original motion to compel was

untimely because it was made before discovery demands were properly served.  (*Id.* at ¶ 13 and

Ex. E).  With respect to the discovery demands served on April 17, 2013, the County defendants

---

[1]  In his motion, Valentin also raises the issue of a "motion to preclude" referenced in a letter from the County's attorney to the Court that he received on May 8, 2013.  (Docket # 32 at 5).  The Court has reviewed the letter (Docket # 27 at 5) and determined that it addresses Valentin's then-pending motion to compel (Docket # 20). The County defendants have not filed any preclusion motions.

In addition, Valentin's current motion addresses the parties' disagreement regarding the selection of a mediator.  (Docket # 32 at 6-7).  That issue has been rendered moot by Order dated July 15, 2013, designating a mediator for this matter.  (Docket # 35).

acknowledge that they have not responded to those demands. (*Id.* at ¶ 21). Finally, the County defendants oppose any request by Valentin to modify the scheduling order to shorten the discovery deadlines. (*Id.* at ¶ 23). The City defendants have not opposed Valentin's motion.

## **DISCUSSION**

Valentin seeks to compel responses to discovery requests that were contained in his initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and in a letter that Valentin sent to counsel for defendants. Apparently recognizing that the previous demands were not in proper form, Valentin's previous attorney served formal discovery demands on April 17, 2013. (Docket # 39 at Ex. D). Those demands have not been provided to the Court, but the County defendants concede that the demands were served and that they have not yet responded to the demands. The County defendants are directed to respond to the April 17, 2013 discovery demands by no later than **April 21, 2014**. To the extent that they have not previously responded, the City defendants are directed to respond to the April 17, 2013 discovery demands by no later than **April 21, 2014**.

Valentin also seeks permission to proceed *pro se*. That request was addressed by the Stipulation and Order dated May 23, 2013, which permitted Valentin's attorney to withdraw as counsel of record. (Docket # 30). Accordingly, Valentin currently is a *pro se* litigant. The Court interprets Valentin's request with respect to Richard Rolfe to request that the Court permit Rolfe to appear in court proceedings as Valentin's advocate or assistant. That request is denied. *See McGee v. City of Rochester*, 2004 WL 2491647, *2 (W.D.N.Y. 2004) ("federal law does not permit a layperson to appear on behalf of a *pro se* litigant").

4

Additional discovery disputes have arisen since the filing of Valentin's motion to compel.  (Docket ## 45, 53, 55).  At this time, those disputes are the subject of other motions, which have not been fully briefed, and are not addressed herein.  (Docket # 57).

## <u>CONCLUSION</u>

For the reasons stated above, Valentin's motion to compel **(Docket # 32)** is **GRANTED in part and DENIED in part** as set forth above.  The County and City defendants are directed to respond to the April 17, 2013 discovery demands by no later than **April 21, 2014**.  **IT IS SO ORDERED.**

_____*s/Marian W. Payson*_____

MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       March ___6___, 2014

5