UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HECTOR L. VALENTIN,

                    Plaintiff,

        v.

CITY OF ROCHESTER, et al.,

                    Defendants.

_____

<u>DECISION & ORDER</u>

11-CV-6238CJS

Hector L. Valentin ("Valentin") filed this action *pro se* against the City of Rochester, the Rochester Police Department and various individuals employed by the City of Rochester (collectively, the "City Defendants") and the County of Monroe and various individuals employed by Monroe County (collectively, the "County Defendants"), asserting claims under 42 U.S.C. § 1983 arising out of a 2001 criminal prosecution against him. (Docket # 1). Currently pending before this Court are several discovery motions filed by Valentin seeking to compel responses to discovery demands. (Docket ## 45, 55, 67, 80, 81). Also pending before this Court is the County Defendants' cross-motion for a protective order.[1] (Docket # 53).

## **PROCEDURAL BACKGROUND**

Valentin's fifty-nine-page complaint alleges a variety of wrongful conduct committed by the named defendants during a 2001 criminal prosecution of Valentin. (Docket

---

[1] The remaining motions pending before this Court (Docket ## 87, 92) will be addressed in a separate Decision and Order.

# 1).  In his complaint, Valentin asserts that the defendants violated their obligations pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) ("*Brady*"), by failing to disclose exculpatory information to him.  (*See*, *e.g.*, *id.* at 2-4).  Specifically, Valentin alleges that the defendants failed to disclose the criminal records of Terrence McLaurin ("McLaurin"), Sarah Bower ("Bower") and John Kemp ("Kemp"), each of whom allegedly testified during the criminal proceedings against him.  (*Id.* at 3, 5, 11, 35).

There are currently six discovery motions pending before this Court.  Many of the motions seek the same relief and concern the same discovery demands.  For efficiency and clarity, the Court will address pending motions as they relate to each discovery demand at issue.

## DISCUSSION

### A.    Interrogatories to the City and County Defendants

On July 5, 2013, Valentin served interrogatories directed to several of the City Defendants, namely, Cotsworth, Hoke, Mace, Murphy, Walther and Adirabte (the "City Defendant Interrogatories").  (Docket ## 34, 34-1, 34-2, 34-3, 34-4, 34-5).  On July 15, 2013, Valentin served interrogatories directed to several of the County Defendants, namely, Caceci, Fierro, Marchinoi, and Sisca (the "County Defendant Interrogatories").  (Docket ## 36, 36-1, 36-2, 38).  On December 10, 2013, Valentin filed a motion to compel responses to these interrogatories.  (Docket # 45).

After receiving an extension of time to respond to the motion, the City Defendants opposed the motion on January 24, 2014.  (Docket ## 48, 50, 51, 52).  They contend that the interrogatories are overly-broad and not the proper subject matter for interrogatories.  (Docket # 51 at ¶ 3).  In subsequent filings, the City Defendants objected to the number of interrogatories

2

served, contending that Valentin had exceeded the number permitted by Rule 33 of the Federal

Rules of Civil Procedure, which limits to twenty-five the number of interrogatories that a party

may serve on another party.  (Docket # 76 at ¶ 5).  The City Defendants further maintained that

the interrogatories are objectionable because they make improper assumptions, seek irrelevant

information or request information not within the knowledge of the City Defendants.[2]  (Docket

# 85 at ¶ 13).

Similarly, after receiving an extension of time to respond to the motion, the

County Defendants cross-moved for a protective order.  (Docket ## 48, 49, 53).  In their motion,

the County Defendants maintained that the interrogatories exceeded the permissible number

under Rule 33.  (Docket # 53 at ¶ 7).  The County Defendants requested that the Court limit

Valentin to a total of twenty-five interrogatories for all County Defendants.  (*Id.* at ¶ 8).

Valentin maintains that the majority of his interrogatories merely require a "yes or

no" response, his interrogatories are not otherwise overbroad and they are designed to narrow the

issues in the litigation.  (Docket # 56 at ¶¶ 10-12).  Further, Valentin concedes that the Federal

Rules limit him to twenty-five interrogatories per party, but maintains that the Court may

exercise its discretion to allow him more.  (Docket # 55 at ¶ 14).  In any event, Valentin contends

that the County and City Defendants' objections to his interrogatories are untimely under Rule

33 because they were not made within thirty days of service of the interrogatories  (Docket ## 55

at ¶¶ 14-16; 55 at ¶¶ 15-18; 58 at ¶¶ 8-9; 60 at ¶¶ 4-6, 7(d)-(f)).

Rule 33(a) of the Federal Rules of Civil Procedure provides that a party may serve

"no more than 25 written interrogatories" on another party.  Fed. R. Civ. P. 33(a).  The Court has

---

[2]  The City Defendants have also asserted that this Court should permit the City Defendants to stay their
responses to the interrogatories until after the district court rules on their pending motion for summary judgment.
(Docket # 85 at ¶ 11).  The district court, however, has held the pending dispositive motions in abeyance until after
completion of discovery.  (Docket ## 42, 72, 91).

reviewed the interrogatories served by Valentin and agrees that each set of interrogatories well exceeds the permitted number.  (Docket ## 34, 34-1, 34-2, 34-3, 34-4, 34-5, 36, 36-1, 36-2, 38). Further, Valentin did not seek leave of the Court to exceed the limit set forth in Rule 33(a). Although the Court has discretion to permit Valentin to exceed the limit, given the number of sets of interrogatories propounded, the Court declines to do so.  Accordingly, the City and County Defendants are directed to respond to the first twenty-five interrogatories in each set of interrogatories propounded by Valentin.  *See Madison v. Nesmith*, 2008 WL 619171, *3 (N.D.N.Y. 2008) ("[u]nder Rule 33, plaintiff was entitled to serve up to 25 interrogatories on each of the three defendants").

          With respect to the City and County Defendants' objections to the individual interrogatories, the Court deems them waived.  The interrogatories were served in July 2013, and the City and County Defendants did not respond, object or move for a protective order within the thirty-day deadline set forth in Rule 33.  *See Berube v. Great Atl. & Pac. Tea Co.*, 2006 WL 3826702, * 5 (D. Conn. 2006) ("[t]he majority of courts follow the general rule that objections are waived if they are not made within thirty days of service, unless the answering party has sought leave of the court to make an untimely objection, or unless 'good cause' is shown") (collecting cases), *adhered to on reconsideration*, 2007 WL 30863 (D. Conn. 2007).  Here, the defendants have provided no explanation for their failure to timely respond or object to Valentin's interrogatories.  Accordingly, the individual City and County Defendants to whom the interrogatories were directed must respond to the first twenty-five interrogatories to the extent that the information sought in those interrogatories is within the knowledge of those individual defendants.

B.    **The Document Requests**

On April 17, 2013, Valentin served document demands upon the City and County Defendants (the "April 17, 2013 Document Requests").  (Docket ## 59 at 3-4; 75-1).  These demands were the subject of a previous Decision and Order of this Court that required the City and County Defendants to respond by no later than April 21, 2014.  (Docket # 59 at 4).  In essence, these demands seek documents in the possession of the City and County Defendants relating to any criminal investigation, proceedings or convictions of Valentin, Bower and Kemp.[3]  (Docket # 75-1).  The demands also seek employee personnel files, as well as policies, procedures and training materials of the Monroe County District Attorney's Office and the Rochester Police Department ("RPD").  (*Id.*).

In accordance with the Decision and Order, on April 21, 2014, the City Defendants and the County Defendants served their responses to the April 17, 2013 Document Requests.[4]  (Docket ## 63, 64).  The County Defendants apparently produced documents relating to Valentin's criminal prosecution, but refused to produce documents relating to Kemp and Bower.  (Docket # 64 at ¶¶ 1-4, 7, 22).  In addition, the County Defendants agreed to search for and produce certain training materials used in the five years prior to Valentin's criminal prosecution.  (*Id.* at ¶¶ 12, 14, 15, 16).  Finally, the County Defendants objected to producing documents related to the "Highland Police Department" because such an entity does not exist.

---

[3]  The requests also appear to seek information relating to individuals named Jose Arroyo ("Arroyo") and McLaurin ("McLaurin").  (Docket # 75-1 at 1-10 at ¶¶ 1-21 and at 10-11 at ¶¶ 3-5).  The County and City Defendants have refused to produce information relating to Arroyo and McLaurin, and the Court does not interpret any of Valentin's motions to seek to compel documents regarding Arroyo and McLaurin.

[4]  The County Defendants moved for a protective order with respect to these document requests on January 30, 2014, prior to this Court's March 6, 2014 Decision and Order.  (Docket # 53 at ¶¶ 9-13 and Exhibit E; 59; 75 at ¶ 70).  The County Defendants have since responded to the April 17, 2013 Document Requests, rendering that portion of their motion moot.

(*Id.* at ¶ 11).  In addition, according to the County Defendants, several of Valentin's requests seek privileged information.  (Docket # 75 at ¶ 74).

The City Defendants produced the police reports relating to Valentin's criminal prosecution.  (Docket # 63 at ¶¶ 1, 3).  The City Defendants contend that they do not possess records of criminal proceedings, but indicated that they would attempt to obtain any unsealed certified records of convictions for Kemp and Bower.  (*Id.* at ¶¶ 4-7, 10).  The City Defendants subsequently reported that they do possess any unsealed documents relating to Bower or Kemp that have not already been produced to Valentin.  (Docket ## 76 at ¶ 4; 85 at ¶ 6).  With respect to training materials, the City Defendants provided Valentin a table of contents for the RPD General Order Manual, Training Bulletin Manual and Administrative Order Manual and indicated that it would provide the specific sections requested by Valentin.  (Docket # 63 at ¶ 11).  On April 23, 2014, Valentin sent a letter to the City indicating that he was in receipt of the tables of contents for the RPD manuals that the City had provided.  (Docket # 67 at 6).  Valentin requested six documents he identified from those manuals.  (*Id.*).  On July 3, 2014, the City Defendants provided those materials to Valentin.  (Docket # 78 at ¶ 3).

On October 28, 2013, Valentin served additional document demands upon the City and County Defendants (the "October 28, 2013 Document Requests").  (Docket # 44).  These demands seek documents relating to any investigations, interviews, criminal prosecutions or criminal convictions of Valentin, Kemp and Bower.  (*Id.*).  On December 10, 2013, Valentin filed a motion to compel responses to these document requests.  (Docket # 45).

After receiving an extension of time to respond to the motion, the City Defendants opposed the motion on January 25, 2014.  (Docket ## 48, 50, 51, 52).  The City Defendants oppose the production of any information relating to Bower and Kemp on the grounds that they

are not parties to the lawsuit.  (Docket # 51 at ¶ 4).  Despite their objection, the City Defendants

indicated that they would attempt to obtain the requested documents, but requested that the

information be submitted to the Court for an *in camera* review to permit the Court to determine

its relevancy to this case.  (*Id.*).  In addition, the City Defendants indicated that the requested

documents might be subject to a sealing order and requested two weeks to determine whether the

information could be obtained without an unsealing order.  (*Id.*).  The City Defendants

subsequently reported that they do not possess any unsealed documents relating to Bower or

Kemp that have not already been produced to Valentin.  (Docket ## 76 at ¶ 4; 85 at ¶ 6).  With

respect to the remaining requests, the City Defendants provided Valentin with copies of the RPD

reports that appear to pertain to the investigation of the crime for which Valentin was prosecuted.

(Docket ## 51 at ¶ 5; 51-2).

       The County Defendants contend that they did not believe that they were required

to respond to the October 28, 2013 Document Requests because the Court's March 6, 2014

Order addressed discovery issues, but did not address these requests.  (Docket # 75 at ¶ 61).  The

Court's March 6, 2014 Order did not address the October 28, 2013 Document Requests because

the motion pending before the Court in that decision did not concern those requests.  The Court

fails to comprehend why the County Defendants believed that they were not required to respond

to these requests.

       In any event, the County Defendants object to the requests on the grounds that

they seek documents relating to Kemp and Bower that are irrelevant to this litigation.  (*Id.* at

¶¶ 62-66).  According to the County Defendants, the Court, in a separate lawsuit, has determined

that information relating to Bower was not *Brady* material, and therefore such information

cannot be relevant to Valentin's claims in this litigation.  (*Id.* at ¶ 66).  In addition, the County

Defendants object because the requests seek privileged or work-product protected information. (*Id.* at ¶¶ 64, 68). Further, the County Defendants maintain that even if information relating to Bower and Kemp were relevant, Valentin's requests are overbroad to the extent they seek information beyond accusatory instruments and records of convictions. (*Id.* at ¶ 67).

In response, Valentin generally complains that the only documents produced by the defendants were documents that he already possessed. (Docket ## 58 at ¶ 2; 71 at ¶ 20). Valentin maintains that documents relating to Bower and Kemp are critical to his ability to establish that the County Defendants improperly withheld *Brady* material relating to both Bower and Kemp and the fact that they are not parties to the lawsuit is irrelevant.[5] (Docket ## 55 at ¶¶ 5-9; 56 at ¶¶ 4-9; 60 at ¶ 7(a)-(b); 67 at ¶ 2; 81 at ¶¶ 15-16). Valentin maintains that despite the City Defendants' assertions to the contrary, they have records relating to Kemp and Bower that they have not produced. (Docket # 80 at ¶¶ 6-12). According to Valentin, the County Defendants have never responded to the October 28, 2013 Document Requests. (Docket ## 58 at ¶ 6; 81 at ¶¶ 17-21). Further, Valentin clarified that his requests concerning the "Highland Police Department" refer to the "Highland Police Section." (Docket # 55 at ¶¶ 3-4). Finally, Valentin seeks sanctions in connection with his motions. (Docket ## 80 at ¶ 19; 81 at ¶ 25).

The numerous filings relating to Valentin's document requests demonstrate that the following categories of documents are in dispute: (1) documents relating to the "Highland Police Department" or the "Highland Police Section"; (2) documents relating to training manuals, policies and procedures; (3) documents that the County Defendants have withheld on

---

[5] Among the issues Valentin raises is a concern about a letter that he received from the County Defendants indicating that records relating to his criminal prosecution had been retrieved from storage and were available for his inspection. (Docket # 58 at ¶ 3). According to Valentin, the County Defendants refused to permit anyone other than him to inspect those documents and he did not have the ability to inspect the documents in person. (*Id.*). Subsequent responses from the County Defendants indicate that they have now produced the documents in their possession relating to the criminal prosecution of Valentin. (Docket # 64). Accordingly, this issue is apparently moot.

the grounds of privilege; and, (4) documents relating to Bower and Kemp.  The only remaining discernable dispute concerns the County Defendants' failure to respond to the October 28, 2013 Requests.

With respect to the dispute concerning the term "Highland Police Department," the Court directs the County Defendants to substitute the term "Highland Police Section" and to supplement their production if necessary.  As for the second category of documents, Valentin clarified his requests for training materials, policies and procedures in supplemental letter requests to both sets of defendants.  (Docket # 67 at 4-6).  Those requests are addressed below. With respect to any documents that the County Defendants contend are privileged, they are required to produce a privilege log to Valentin in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure and with Rule 26(e) of the Local Rules of Civil Procedure for the Western District of New York.

The sharpest dispute between the parties is whether materials related to Bower and Kemp are relevant and, if so, the scope of any required disclosure of those materials. Valentin maintains that Bower and Kemp were both witnesses during his criminal trial and that the defendants withheld information about their criminal charges or convictions.  According to Valentin's complaint, Kemp testified as an eyewitness at Valentin's trial.  (Docket # 1 at 13, 20-21).  The complaint alleges that Kemp had several previous convictions that the defendants knew or should have known about, but failed to disclose them.  (*Id.* at 24-25, 26-28).  Similarly, Valentin's complaint contends at the time Bower testified against him at his trial, she had pending criminal charges that the defendants knew or should have known about, but failed to disclose.  (*Id.* at 48-49).  Specifically, Valentin contends that some of the individual defendants were involved both in Valentin's prosecution and in the investigation against Bower, but failed

to disclose their knowledge of the Bower investigation to the attorney prosecuting Valentin. (*Id.*).

The County Defendants maintain that documents relating to Bower are not relevant to this litigation because in a separate litigation it was determined that the failure to disclose Bower's pending criminal charge was not a *Brady* violation.  (Docket # 86 at ¶¶ 17-18). The County Defendants' relevancy argument appears, in my estimation, to turn on whether Valentin is now collaterally estopped from asserting that the failure to disclose was a *Brady* violation.  On this motion, however, the County Defendants have not satisfied their burden of demonstrating that collateral estoppel applies.  *See May Ship Repair Contracting Corp. v. Barge Columbia New York*, 160 F. Supp. 2d 594, 599 (S.D.N.Y. 2001) ("[t]he party asserting collateral estoppel bears the burden of demonstrating that it is entitled to this relief").

In any event, the County Defendants maintain that only certain Bower and Kemp documents – those that might have constituted *Brady* material – are within the proper scope of production.  (*Id.* at ¶¶ 21-23).  According to the County Defendants, the only information that they would have been required to turn over during the underlying prosecution would be facts relating to their criminal convictions.  (*Id.*).  Such information, including documents related to a pending criminal charge against Bower, has already been provided to Valentin.  (*Id.* at ¶ 29).

The County Defendants' argument conflates their potential *Brady* obligations with their civil discovery obligations.  Documents that demonstrate the defendants' knowledge of Bower's and Kemp's criminal histories, when that knowledge was acquired and to whom that knowledge was disseminated may be relevant to Valentin's claims.  Although the defendants are not required to produce their entire files relating to Bower and Kemp, they are required to search those files for any relevant documents reflecting their knowledge of those criminal histories.

10

Given the nature of the documents, the County Defendants may submit any relevant documents to the Court for an *in camera* review if they believe such review is warranted.

The City Defendants do not challenge the production of Bower and Kemp-related documents on relevancy grounds.  Instead, they maintain that have searched for, but are not in possession of any unsealed documents that have not already been provided to Valentin.  (Docket # 85 at ¶ 6).  However, the City Defendants' duty to produce information in response to a federal discovery demand is not limited to unsealed information, but would also include sealed information.  *See Schomburg v. New York City Police Dep't*, 298 F.R.D. 138, 141 (S.D.N.Y. 2014) ("[f]ederal courts can and commonly do order production of documents sealed [pursuant to state law]") (collecting cases).  Accordingly, the City Defendants are directed to search for responsive documents that are within the scope of the documents specified above with respect to the County Defendants, whether or not those documents are sealed.  If responsive sealed documents are identified, the City Defendants should seek an unsealing order or a protective order authorizing the non-disclosure of specifically-identified documents.

Finally, I turn to the October 28, 2013 Document Requests.  Rule 34 of the Federal Rules of Civil Procedure provides that a party to whom a request for the production of documents is directed "must respond in writing within 30 days after being served."  Fed. R. Civ. P. 34(b)(2)(A).  To date, the County Defendants have not filed a written response to the requests. Although the requests primarily seek documents relating to Kemp and Bower that are the subject of this decision, the County Defendants must still serve a written response that complies with the scope of discovery directed by the Court as set forth in this decision.

## C.      April 23, 2014 Letter Request for Documents from the City Defendants

On April 23, 2014, Valentin wrote counsel for the City Defendants requesting copies of current *Brady*-related training materials, practices, procedures and policies.  (Docket # 67 at 6).  He also requested any copies of the same materials that were used or in effect during his criminal prosecution in 2000-2001.  (*Id.*).  In response, the City Defendants initially agreed to search for and produce responsive materials.  (Docket ## 76 at ¶ 3; 78 at ¶ 3).  In a subsequent filing, the City Defendants objected on the grounds of relevance.  (Docket # 85 at ¶¶ 7, 9-10).  According to the City Defendants, because there is no merit to Valentin's contention that a *Brady* violation occurred – in other words because Valentin's complaint fails on its merits – the training materials and policies, rather than those in effect at the time of Valentin's criminal prosecution, are not relevant.

Whether Valentin's claims fail on the merits is an issue that is currently pending before the district court.  (Docket ## 68, 84 ).  Those dispositive motions have been held in abeyance pending resolution of discovery.  (Docket ## 72, 91).  That Valentin's claims may ultimately be dismissed is not a basis upon which to deny discovery that is otherwise relevant to the claims.  Accordingly, the City Defendants are directed to produce RPD training, practices, procedures and compliance policies relating to *Brady* disclosure obligations that were in effect in 2000 and 2001.  To the extent the City Defendants do not possess any documents relating to 2000 and 2001, they shall produce current versions of those materials.

## D.      April 26, 2014 Letter Request for Documents from the County Defendants

On April 26, 2014, Valentin sent the same request to counsel for the County Defendants.  (Docket # 67 at 4-5).  The County Defendants contends that the only relevant training materials or policies are those that were in effect or used at the time of Valentin's

criminal prosecution, and that they have searched their records and do not possess any training materials during the relevant time period.  (Docket ## 75 at ¶¶ 83-91; 86 at ¶¶ 12-16).  They have not indicated, however, whether they possess *Brady* policies or procedures that were in effect during the relevant time period.  The County Defendants are directed to search for and produce any such documents in their possession.  I disagree with the County Defendants' contention that current *Brady* policies, procedures and training materials are not relevant to Valentin's claims.  In the absence of materials relating to 2000 and 2001, current policies and training materials shall be produced because they may lead to the discovery of relevant information.

I deny Valentin's request for monetary sanctions because I find that he has not demonstrated that he attempted to resolve the discovery disputes with the defendants prior to filing the pending motions.  Fed. R. Civ. P. 37(a)(5)(A)(i) ("court must not order [the] payment [of expenses] if . . . the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action").

## CONCLUSION

For the foregoing reasons, Valentin's motions to compel and for sanctions (**Docket ## 45, 55, 67, 80, 81**) are **GRANTED in part and DENIED in part**.  Further, the County Defendants' motion for a protective order (**Docket # 53**) is **GRANTED in part and DENIED in part.**  The City and County Defendants are directed to provide discovery responses and produce any responsive documents in accordance with this decision by no later than **November 7, 2014**.  In the event that the parties believe that discovery has not been completed

and should be extended, they are directed to confer and submit to this Court in writing a joint proposed amended scheduling order by no later than **October 17, 2014**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*

_____
MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
        September 26, 2014