UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HECTOR L. VALENTIN,

                Plaintiff,

        v.

CITY OF ROCHESTER, et al.,

                Defendants.
_____

DECISION & ORDER

11-CV-6238CJS

        Currently pending before this Court are two motions filed by plaintiff. The first seeks an order permitting him to amend his complaint. (Docket # 87). The second seeks a determination of a "question of law." (Docket # 92). Defendants oppose both motions. (Docket ## 94, 96, 98, 99).

**I.    Motion to Amend**

        Plaintiff filed his original *pro se* Complaint over three years ago on May 3, 2011. (Docket # 1). The action asserts claims under 42 U.S.C. §§ 1983, 1985 and 1986 against the City of Rochester, the Rochester Police Department and various individuals employed by the City of Rochester (collectively, the "City Defendants"), and the County of Monroe, the Monroe County District Attorney's Office and various individuals employed by Monroe County (collectively, the "County Defendants"), arising out of a 2001 criminal prosecution against him. (*Id.*). The Complaint alleges, *inter alia*, that defendants violated their obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose exculpatory information to plaintiff,

namely, the criminal records of two witnesses who testified at trial and one non-testifying witness. (*Id.*).

Following defendants' service of their Answers, this Court held a Rule 16 scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and issued a scheduling order. (Docket ## 15, 16). The scheduling order provided, among other deadlines, a deadline of April 19, 2012 for any motions to amend the pleadings or to add parties. (Docket # 15). Various deadlines in the original scheduling order were thereafter extended at the parties' request, but the deadline for motions to amend the pleadings or to add parties was not extended. (*See* Docket ## 19, 24).

On June 11, 2014, plaintiff filed a discovery motion seeking an order staying the Court's consideration of County Defendants' motion for judgment on the pleadings and compelling all defendants to comply with their discovery obligations. (Docket # 71). The seven-page motion contained a one-sentence reference to plaintiff's apparent desire to amend his Complaint. Specifically, the final sentence of his motion simply requested "[t]hat the Court grant permission to the Plaintiff to amend his complaint based on new information that has come to light since it was last filed on May 3, 2011." (Docket # 71 at 8). With respect to that request, this Court issued an Order on July 1, 2014 that provided:

> To the extent that [plaintiff's] motion may be read to include an application for leave to amend the complaint, that motion is denied without prejudice for failure to comply with: (1) Rule 16(b)(4) of the Federal Rules of Civil Procedure, which requires a movant to demonstrate good cause to seek an amendment of a court's scheduling order (Docket # 15), and (2) Rule 15(a) of the Local Rules of Civil Procedure for the Western District of New York, which requires the movant to attach an unsigned copy of the proposed amended complaint as an exhibit to a motion seeking leave to amend. . . . If [plaintiff] wishes to seek leave to amend his complaint, he must file a motion that complies with the above-identified rules.

(Docket # 74 at 2).

Approximately one month later, plaintiff filed his pending motion to amend. (Docket # 87). The motion complies with this Court's second directive (insofar as it attaches a proposed amended complaint), but not the first. Rather, like his first application that sought leave to amend "based on new information that has come to light since it was last filed on May 3, 2011," the pending one-half page motion contains only one sentence purporting to address the requirement that he establish good cause for the more than two year delay in filing a motion that the Court had ordered be filed by April 2012. (*See id.* at 2). Similar to his earlier application, which this Court explicitly found wanting, plaintiff's pending motion merely states, "My original complaint is now outdated due to new information that has come to my attention that is pertinent to the liability proof of my claims and support [ ] my contentions that the defendants violated my due process civil rights." (*Id.* at 2, ¶ 1).

Plaintiff's repetition of the same one-sentence conclusory assertion that the Court previously determined to be an inadequate showing of good cause is no more availing this time. It is well-established that "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). As the Second Circuit has observed, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker v. Columbia Pictures Indus.*, 204 F.3d at 340; *see Phaneuf v. Tenneco, Inc.*, 938 F. Supp. 112, 115 (N.D.N.Y. 1996) ("[i]n instances where . . . a considerable amount of time has passed between filing the complaint and the motion to amend, courts have placed the burden upon the movant to

3

show some valid reason for his or her neglect and delay") (internal quotation marks omitted) (quoting *Sanders v. Thrall Car Mfg. Co.*, 582 F. Supp. 945, 952 (S.D.N.Y. 1983), *aff'd*, 730 F.2d 910 (2d Cir. 1984)).  "Good cause," the court reasoned, "depends on the diligence of the moving party."  *Parker*, 204 F.3d at 340; *accord Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (court's primary consideration in determining whether a movant has established good cause is "whether the moving party can demonstrate diligence"); *Lowry v. Eastman Kodak Co.*, 14 F. App'x 27, 30 (2d Cir. 2001) (same); *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997) ("'[g]ood cause' means that scheduling deadlines cannot be met despite a party's diligence").

In other words, plaintiff must demonstrate the reasons why the new claims and allegations and the new defendant were not included in his original Complaint.  If the purported explanation is that he did not know of the facts underlying those claims and allegations at that time and only learned them later, he needs to show when and how he learned those facts and what efforts he made through discovery or otherwise to learn them.  As applicable authority demonstrates, the critical consideration is whether plaintiff acted with the requisite diligence to justify granting his motion for leave to amend so long after the expiration of the deadline for such motions.

On the record before the Court, I determine that plaintiff's motion should be denied without prejudice and that he should be given one final opportunity to comply with the Court's directive to address the good cause requirement.  Although defendants have filed dispositive motions, the district court has stayed consideration of them until the conclusion of discovery. (Docket ## 72, 91).  At the time plaintiff filed the pending motion, defendants had not responded to many long-overdue discovery requests served on them by plaintiff.  (*See*

4

Docket # 101). They were finally answered in December 2014 (Docket ## 105-111); even now, the adequacy of those responses is the subject of pending sanctions motions filed by plaintiff (Docket ## 112, 113). Under these circumstances, it is hard to see how defendants would be genuinely prejudiced by affording plaintiff a brief time within which to attempt to make the good cause showing essential to the relief he seeks. Accordingly, should plaintiff wish to file a motion to amend the complaint, he must do so by no later than **April 10, 2015**.

        Should plaintiff elect to file another motion for leave to amend, he is further reminded that his motion should clearly identify the changes he seeks to make to the original Complaint. In other words, he should identify in his motion papers (1) each and every new claim he seeks to assert (*e.g.*, the specific nature of the claim and the defendant(s) against whom he seeks to assert it) and the factual basis for the claim; (2) each new defendant he seeks to add and the claim(s) he seek to assert against the new defendant(s) (with the specificity discussed above)[1]; and (3) any new or modified allegations that are not otherwise addressed by (1) and (2). I agree with counsel for defendants that the length and density of his pleadings make a side-by-side comparison of his proposed amended complaint (64 pages in length) with the pending complaint (75 pages in length) an extremely difficult and time-consuming undertaking. Defendants should not be expected to do so absent an identification and explanation of the proposed changes by plaintiff, the party seeking leave to make those changes.

---

[1] The City Defendants have argued in response to the pending motion that any claim against former Chief of Police Robert Duffy would be barred by the statute of limitations and the motion to amend to add him as a defendant should be denied on the grounds of futility. (*See* Docket # 94-6). Should plaintiff seek leave to add him as a new defendant, plaintiff's motion should address defendants' contention that any claims against him would be time-barred.

**II.     "Question of Law" Motion**

Plaintiff's second motion asks the Court to determine whether two judges erred in various respects in their decisions on prior challenges plaintiff brought to his 2001 criminal convictions. Specifically, plaintiff seeks a ruling on the correctness of various determinations made by (1) then-Monroe County Court Judge Frank P. Geraci, Jr. in his February 4, 2015 opinion denying plaintiff's motion to vacate his conviction under Section 440.10 of New York's Criminal Procedure Law; and (2) United States Magistrate Judge Victor E. Bianchini in his January 2011 decision granting in part and denying in part plaintiff's petition for a writ of habeas corpus. (*Id.* at 1-2). Plaintiff's motion is procedurally defective.

First, his motion appears to seek review of those decisions. The proper mechanism for review is to file an appeal or to move for reconsideration in accordance with applicable statutes and rules. Second, even if his motion seeks somewhat narrower relief, such as a determination that the challenged findings have no preclusive effect on this litigation, such an application cannot be made in a vacuum. Rather, such an argument must be relevant to and made in the context of another motion properly before the Court, *e.g.*, a dispositive motion under Rule 56 seeking an order granting judgment in favor of or against plaintiff on one or more of his claims. *See Penguin Books USA Inc. v. Walsh*, 929 F.2d 69, 72 (2d Cir. 1991) (federal court lacks authority to render advisory opinions) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

Should the arguments plaintiff has raised in the pending motion be germane to any motion he may later file or oppose, he is free to raise the arguments at that time and explain how they are relevant to the issues before the Court on those motions. Defendants are likewise free to respond to those arguments if raised at a later time. At this time, however, plaintiff's motion is denied for the reasons stated herein.

## **CONCLUSION**

Accordingly, plaintiff's motion to amend his complaint **(Docket # 87)** is **DENIED without prejudice**. Should plaintiff wish to file a motion to amend the complaint, he must do so by no later than **April 10, 2015**, and such motion must comply with the Court's directives set forth herein. Plaintiff's motion seeking a determination of a "question of law" **(Docket # 92)** is **DENIED**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       March 12, 2015