UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HECTOR L. VALENTIN,

               Plaintiff,

       v.

CITY OF ROCHESTER, et al.,

               Defendants.
_____

<u>DECISION & ORDER</u>

11-CV-6238CJS

## **PROCEDURAL BACKGROUND**

        Hector L. Valentin ("Valentin") filed this action *pro se* against the City of Rochester, the Rochester Police Department and various individuals employed by the City of Rochester (collectively, the "City Defendants") and the County of Monroe and various individuals employed by Monroe County (collectively, the "County Defendants"), asserting claims under 42 U.S.C. § 1983 arising out of a 2001 criminal prosecution against him. (Docket # 1). Currently pending before this Court are two motions filed by Valentin seeking discovery sanctions.[1] (Docket ## 112, 113).

        On September 26, 2014, this Court issued a lengthy Decision and Order addressing several discovery motions. (Docket # 101). Familiarity with the prior Decision and Order is assumed. In that decision, I directed the City and County Defendants to comply with certain discovery requests propounded by Valentin. (*Id.*). The pending motions arise from the parties' dispute whether the City and County Defendants have complied with my September 26, 2014 Decision and Order.

---

[1] The remaining motion pending before this Court (Docket # 124) will be addressed in a separate Decision and Order.

1

**DISCUSSION**

In the September 26, 2014 Decision and Order, I directed the City and County Defendants to respond to discovery requests propounded by Valentin as follows:

1. Respond to interrogatories propounded by Valentin (*id.* at 4);

2. Search for any sealed or unsealed documents reflecting knowledge of Sarah Bower and John Kemp's criminal histories (*id.* at 10-11);

3. Search for and produce *Brady* policies and training materials (*id.* at 13).

Valentin contends that the County Defendants have failed to comply with this Court's directives because they failed to provide interrogatory responses for four individual defendants and produced several documents that were illegible. (Docket # 112 at ¶ 3 and Exhibit ("Ex.") A). Valentin also maintains that, although the County Defendants produced documents relating to Kemp and Bower, the production pertaining to Kemp was deficient because it included only records relating to criminal prosecutions that occurred in 1999. (*Id.*). According to Valentin, Kemp was criminally prosecuted prior to 1999, and he seeks production of those records. (*Id.*). Valentin's assertions are consistent with a January 10, 2011 Decision and Order granting in part Valentin's petition for *habeas corpus* relief on his *Brady* claim concerning Kemp, which indicates that Kemp had criminal convictions in 1981, 1982 and 1988. *See Valentin v. Mazzuca*, 2011 WL 65759, *7 (W.D.N.Y. 2011). With respect to the City Defendants, Valentin maintains that they have failed to produce any additional documents relating to Bower or Kemp in response to this Court's prior order. (Docket # 113 at ¶ 2).

Valentin sent a letter to counsel for the County Defendants dated December 14, 2014 identifying the above-described deficiencies. (Docket # 112 at ¶ 3 and Ex. A). Counsel responded by letter dated December 18, 2014, providing the outstanding interrogatory responses

2

and indicating that he would confirm with the District Attorney's office that all files relating to Kemp had been produced. (*Id.* at ¶ 4 and Ex. B). According to Valentin, he heard nothing further from the County Defendants, prompting the current motion. (*Id.* at ¶¶ 4-5).

Valentin also sent a letter to counsel for the City Defendants on December 14, 2014 requesting documents relating to Bower and Kemp. (Docket # 113 at ¶ 3 and Ex. A). Counsel responded by letter dated December 16, 2014, stating that the City Defendants searched for sealed records relating to Kemp or Bower but had not located any.[2] (*Id.* at ¶ 4 and Ex. B). The City Defendants further stated that they had already produced all documents in their possession relating to Kemp and Bower. (*Id.*). Valentin responded by writing to this Court on December 20, 2014 to convey his belief that the City Defendants had failed to comply with this Court's previous order. (*Id.* at ¶ 5 and Ex. C). Valentin thereafter filed the pending motion. (*Id.* at ¶ 6).

In opposition to the current motion, the County Defendants assert that they have complied with this Court's previous order. (Docket # 118 at ¶ 3). With respect to the interrogatories, the County Defendants assert that the responses have now been provided. (*Id.* at ¶¶ 3, 8). Additionally, the County Defendants explain that the illegible documents identified by Valentin "are merely blank pages captured in the scan of documents provided" by the District Attorney's Office. (*Id.* at ¶ 13).

With respect to the files relating to Kemp, the County Defendants represent that they requested that the District Attorney's Office "search their archives for all files related to [Kemp]" and produced all documents that the search uncovered. (*Id.* at ¶ 4). After receiving Valentin's December 14, 2014 letter, counsel for the County Defendants again requested that the

---

[2] The City Defendants previously represented that it had searched for and produced all unsealed documents relating to Bower and Kemp. (Docket # 101 at 6 (citing Docket ## 76 at ¶ 4; 85 at ¶ 6)).

District Attorney's Office search their archives for any additional files relating to Kemp and inquired whether there were any sealed files relating to Bower. (*Id.* at ¶¶ 9-10). As a result of the further request, additional files relating to Kemp were identified and have been produced. (*Id.* at ¶¶ 11-12). The County Defendants represent that the District Attorney's archives include "hundreds of thousands" of documents stored off-site that are not well-indexed and that they have conducted a good-faith search to locate all records relating to Kemp's criminal offenses for the past thirty years and have produced all records that were located. (*Id.* at ¶ 14). The County Defendants also represent that a small number of additional sealed records relating to Bower were identified and unsealed as a result of counsel's most recent inquiry. (Docket ## 116; 118 at ¶ 10). According to the County Defendants, those sealed records were identical to unsealed records that have already been produced to Valentin. (Docket # 118 at ¶ 15).

The City Defendants also oppose Valentin's motion, contending that they have complied with this Court's previous order.[3] (Docket # 121 at ¶ 3). They assert that they have already produced copies of all records regarding Kemp and Bower that are in their possession. (*Id.*). Valentin counters, without factual substantiation, that the City Defendants are withholding documents relating to Bower and Kemp. (Docket # 131). He reasons that if the County Defendants possess documents relating to Bower and Kemp, then the City Defendants must as well.[4] (*Id.*).

The submissions before the Court show that the City and County Defendants have diligently attempted to address the deficiencies identified by Valentin and to fulfill their

---

[3] The City Defendants inadvertently filed two separate submissions in opposition to Valentin's motion. (Docket ## 117, 121, 130). Valentin objects to the two submissions and disputes the City Defendants' contention that Valentin did not comply with his obligation to confer with them prior to filing the motion. (Docket # 130). Having reviewed the submissions, I agree with Valentin that he fulfilled any obligation he had to confer with the City Defendants prior to filing the pending motion.

[4] Valentin also suggests that the only records relating to Kemp and Bower that he received from the City Defendants were records that he himself had produced to them earlier in discovery. (*Id.*).

obligations under this Court's previous order. The City and County Defendants maintain that they have conducted a good-faith search for all documents relating to Kemp and Bower that are in their possession, custody and control and that they have produced all of the documents that have been located. Nothing in the record refutes these representations. That said, the earlier decision on Valentin's petition for *habeas* relief suggests that Kemp has convictions which pre-date 1999, and Valentin asserts that documents relating to these convictions have not been produced. Accordingly, I direct both the City Defendants and the County Defendants to submit an affidavit by no later than **October 19, 2015** from someone with personal knowledge to attest that a diligent search for the documents within the possession, custody and/or control of the City and County Defendants relating to the criminal convictions of John Kemp and Sarah Bower has been conducted, including records relating to:

1. a December 31, 1981 conviction of John Kemp for sexual abuse in the first degree;

2. a January 21, 1982 conviction of John Kemp for sexual abuse in the first degree; and

3. a May 18, 1988 conviction of John Kemp for endangering the welfare of a child;

and that all such documents located during the search (whether sealed or unsealed) have been produced.

## CONCLUSION

For the foregoing reasons, Valentin's motions for sanctions (**Docket ## 112, 113**) are **DENIED**. The City and County Defendants are directed to provide affidavits in accordance with this decision by no later than **October 19, 2015**.

**IT IS SO ORDERED.**

> *s/Marian W. Payson*
> MARIAN W. PAYSON
> United States Magistrate Judge

Dated: Rochester, New York
September 25, 2015