UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HECTOR L. VALENTIN,

                          Plaintiff,

          v.

CITY OF ROCHESTER, et al.,

                        Defendants.

_____

<u>DECISION & ORDER</u>

11-CV-6238CJS

Plaintiff Hector L. Valentin ("Valentin") filed his original *pro se* Complaint over five years ago on May 3, 2011 (the "Complaint").[1]  (Docket # 1).  The action asserts claims under 42 U.S.C. §§ 1983, 1985, 1986 and 1988 against the City of Rochester, the Rochester Police Department, and various individuals employed by the City of Rochester (collectively, the "City Defendants"), and the County of Monroe, the Monroe County District Attorney's Office, and various individuals employed by Monroe County (collectively, the "County Defendants"), arising out of a 2001 criminal prosecution against him for a robbery that occurred on February 29, 2000 (the "February 2000 robbery").  (*Id.*).  The Complaint alleges, *inter alia*, that defendants violated their obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose exculpatory information to plaintiff, namely, the criminal records of two witnesses who testified at trial and one non-testifying witness.  (*Id.*).

---

[1]  Subsequent to filing the Complaint, Valentin was represented by counsel for approximately two years, between October 4, 2011 and May 23, 2013.  (Docket ## 11, 30).  Valentin has been proceeding *pro se* since May 23, 2013.  (*Id.*).

**FACTUAL BACKGROUND**

The Complaint is approximately sixty pages and attaches exhibits totaling approximately ninety pages.  (Docket # 1).  Following defendants' service of their Answers, this Court held a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and issued a scheduling order.  (Docket ## 15, 16).  The scheduling order provided, among other deadlines, a deadline of April 19, 2012, for any motions to amend the pleadings or to add parties.  (Docket # 15).  Various deadlines in the original scheduling order were thereafter extended at the parties' request, but the deadline for motions to amend the pleadings or to add parties was not extended.  (*See* Docket ## 19, 24).

On June 5, 2014, the County Defendants filed a motion for judgment on the pleadings seeking dismissal of the Complaint in its entirety.  (Docket # 68).  In their motion, the County Defendants maintained that they were immune from suit and that Valentin's *Monell* claim and Section 1985 and 1986 claims were inadequately pleaded.  (Docket # 68-2).  At Valentin's request, the district court stayed the motion pending resolution of various discovery disputes.  (Docket ## 71, 72).

Approximately one week later, Valentin indicated for the first time his intent to amend his complaint.  (Docket # 71).  Specifically, in his motion seeking an order staying the Court's consideration of the County Defendants' motion for judgment on the pleadings, Valentin made a single sentence request "[t]hat the Court grant permission to the [p]laintiff to amend his complaint based on new information that has come to light since it was last filed on May 3, 2011."  (*Id.* at 8).  On July 1, 2014, the Court denied without prejudice Valentin's request to amend because he had failed to comply with applicable rules requiring a demonstration of good cause and the submission of a proposed amended complaint.  (Docket # 74 at 2).

2

About six weeks later, on July 31, 2014, the City Defendants filed a motion seeking summary judgment dismissing the Complaint in its entirety.  (Docket # 84). Specifically, the City Defendants maintained that Valentin failed to plead the requisite scienter to state a Section 1983 claim against the police officer defendants and that he failed to plead that any conduct of the officers caused the *Brady* violation.  (Docket # 84-12 at 7-12).  Additionally, the City Defendants contended that the Complaint failed to state a claim for negligent training against former police chiefs David Moore ("Moore") and James Sheppard ("Sheppard") because neither of them had served as police chief during the relevant period and, in any event, Valentin had only identified a single *Brady* violation, which was an insufficient basis on which to state a negligent training claim.  (*Id.* at 12-13).  Finally, the City Defendants maintained that Valentin had not adequately stated Section 1985 and 1986 claims because he had not sufficiently alleged the elements of a conspiracy.[2]  (*Id.* at 13).  The district court likewise stayed this motion at Valentin's request pending resolution of outstanding discovery disputes.  (Docket ## 88, 91).

Approximately one week later, Valentin again sought leave to amend the Complaint, this time attaching a proposed amended complaint to his motion.  (Docket ## 84, 87). His proposed amended complaint (the "August 2014 Complaint") was seventy-five pages and attached the same ninety pages of exhibits that were attached to the original complaint.  With respect to the good cause requirement, Valentin simply stated, "My original complaint is now outdated due to new information that has come to my attention that is pertinent to the liability proof of my claims and support [ ] my contentions that the defendants violated my due process civil rights."  (Docket # 87 at 2, ¶ 1).

---

[2]  The City Defendants also maintain that some of the information that Valentin alleges was wrongfully withheld did not constitute *Brady* material.  (*Id.* at 14-15).

While that motion to amend was pending, this Court resolved several discovery-related motions.  (Docket ## 45, 55, 67, 80, 81).  Although the motions raised several issues, the salient disputes resolved by the Court included whether the County and City Defendants were required to produce documents relating to John Kemp ("Kemp") and Sarah Bower ("Bower"), the two individuals who testified at Valentin's criminal trial, and whether they were required to produce documents relating to their *Brady* training manuals, policies, and procedures.  (Docket # 101 at 8-9).  The Court ordered the defendants to search for and produce any sealed or unsealed documents reflecting knowledge of Kemp's and Bower's criminal histories and any *Brady* policies and training materials.  (*Id.* at 10-13).  Defendants supplemented their discovery responses pursuant to the Court's order on December 8 and 9, 2014.  (Docket ## 105-11).  The supplemental document production consisted of more than 1,500 pages.  (Docket ## 107, 108, 110, 111).

On March 12, 2015, the Court denied Valentin's August 2014 motion to amend without prejudice on the grounds that he had failed to demonstrate good cause for seeking leave to amend more than two years after the expiration of the deadline for such motions.  (Docket # 123).  The Court noted, however, that defendants had only recently responded "to many long-overdue discovery requests served on them by plaintiff" and afforded Valentin until April 10, 2015, to file a motion addressing the good cause showing necessary to his request for leave to amend.  (*Id.* at 4-5).  The Court instructed Valentin that any additional motion to amend had to articulate clearly the precise amendments that he was proposing.  (*Id.*).

On April 10, 2015, Valentin filed another motion seeking to amend his Complaint.  (Docket # 124).  That motion attached a more than one hundred-page proposed amended complaint (the "April 2015 Complaint").  (Docket ## 124-2, 124-3).  Attached to the

April 2015 Complaint were twenty-eight exhibits consisting of about ninety more pages. (Docket # 124-3).  Some of those exhibits had been attached to previous versions of the complaint, while others had not.  Several of the new exhibits were apparently among those produced by defendants in December 2014.  (*Compare* Docket ## 107-1 at ¶ 1; 110-2 at 8; 110-7 at 18-20 *with* Docket # 124-3 at Exhibits ("Exs.") 1-7, 9).  Among other amendments, Valentin sought leave to add Monroe County Investigator J. Rodriquez ("Rodriquez")[3] as a defendant in the action.  (Docket # 124 at 6-8).

    While that motion was under advisement, on February 29, 2016, Valentin filed the pending motion to amend.  (Docket ## 138, 139).  This proposed amended complaint (the "February 2016 Complaint") is also approximately one hundred pages long and attaches the same exhibits that were attached to the April 2015 Complaint.  (Docket # 139).  In the motion, Valentin sought to withdraw his earlier motion to amend and to replace that motion with his newly-filed motion to amend.  (Docket # 138 at 1-3).  A review of Valentin's submission suggested that he was seeking leave to add one additional defendant, Rochester Police Department Investigator Gary Sullivan ("Sullivan"), who had not been included in the April 2015 Complaint.  (*Id.*).  The Court granted Valentin's request to withdraw his April 2015 motion to amend and to proceed instead on his February 2016 motion to amend.  (Docket # 140).

    Valentin's submissions in support of his request to amend his complaint are lengthy, verbose, and sometimes unclear.  (Docket # 138).  Given Valentin's *pro se* status, this Court has reviewed his submissions and expended substantial effort to attempt to identify and understand the amendments he seeks to make.  This Court's review of the February 2016 Complaint and Valentin's submissions suggest that the purpose of his motion to amend is

---

[3] One of the exhibits on which Valentin relies suggests that the investigator's name is Rodriguez, not Rodriquez.  (*See* Docket # 138 at Ex. 3).  Because the parties refer to him throughout their submissions as "Rodriquez," however, the Court will do likewise.

5

two-fold:  first, to correct deficiencies identified in defendants' dispositive motion; and, second,

to add factual allegations and defendants based upon the discovery produced in December 2014.

A comparison of the Complaint with the proposed complaint demonstrates that

Valentin seeks to make substantial changes to the Complaint, largely in an attempt to avoid

dismissal of his claims.  (*Compare* Docket # 1 *with* Docket # 139).  Requested amendments that

appear designed to address defendants' arguments and to avoid dismissal include:

1.  Substituting former police chief Robert Duffy for defendants Moore and Sheppard and explicitly pleading *Monell* claims against the City, County, and Duffy for failure to train (Docket ## 138 at 17-22 at ¶¶ 4, 4(a)-(o), 22-24 at ¶¶ 5, 5(a)-(e), 28-29 at ¶¶ 8, 8(a); 139 at 1, 4 at ¶ 8, 5 at ¶ 10, 49-52 at ¶¶ 1, 1(a)-(l), 53-55 at ¶¶ 1, 1(a)-(f));

2.  Adding assertions of legal authority to counter defendants' claims that the pleadings are deficient and to bolster the failure to train allegations (Docket ## 138 at 24-28 at ¶¶ 6-10(a)-(e); 139 at 42-49 at ¶¶ 1-7, 55-57 at ¶¶ 1-4);

3.  Modifying the language used to describe defendants' mental state to counter defendants' arguments that Valentin failed to plead the requisite scienter (Docket # 139 at 20-21 at ¶ 8(o), 27 at ¶ 10(l), 31 at ¶ 2(e), 33 at ¶ 3(c), 35 at ¶ 4(c), 37-38 at ¶ 6(d), 39 at ¶ 7(b), 41 at ¶ 8(a)); and,

4.  Adding additional allegations of conspiracy to support his Section 1985 and 1986 claims (Docket # 139 at 3 at ¶ 3, 8 at ¶ 1(f), 10 at ¶¶ 2(b)-(c), 16 at ¶¶ 7, 7(a), 29 at ¶ 11, 42 at ¶ 9, 65 at ¶ 9).

The remainder of Valentin's motion appears to seek leave to add defendants,

factual allegations against existing defendants, and exhibits based upon information that was

produced to Valentin in December 2014.  These proposed amendments include:

1.  Adding Rodriquez as a defendant to the action (Docket ## 138 at 10-11 at ¶¶ 2, 2(a)-(c); 139 at 1, 3 at ¶ 4, 16 at ¶ 7, 22-24 at ¶¶ 9, 9(a)-(i));

2.  Adding Sullivan as a defendant to the action (Docket ## 138 at 6-10 at ¶¶ 1, 1(a)-(l); 139 at 1, 8 at ¶ 1(f), 30-33 at ¶¶ 2, 2(a)-(i), 33 at ¶ 3(a), 35 at ¶ 4, 41 at ¶ 8, 54 at ¶ 1(c), 59 at ¶ 11, 63);

3.  Adding factual allegations against existing defendants Officer Holmes ("Holmes"), Wendy Sisca ("Sisca"), and Investigator Casper Caceci

("Caceci")  (Docket ## 138 at 6-10 at ¶¶ 1, 1(a)-(l), 11-17 at ¶¶ 3, 3(a)-(t), 29-31 at ¶¶ 9, 9(a)-(k); 139 at 16-22 at ¶¶ 8, 8(a)-(s), 24-29 at ¶¶ 10, 10(a)-(p), 30-33 at ¶¶ 2, 2(a)-(i)); and,

4.  Attaching additional exhibits to the Complaint, including Exhibits 1-9.

Defendants oppose the motion on the grounds that many of the proposed amendments seek to add factual information or recast the pleadings to avoid their dispositive motions.  (Docket ## 141-1 at 9; 142 at 3).  They oppose on futility grounds the addition of specific claims, as well as the modification of the entire complaint,[4] raising many of the arguments they raised in connection with their pending, but stayed, dispositive motions.  (Docket ## 141-1 at 15-25; 142 at 11-24).  Defendants maintain that Valentin's proposed amended complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires that a complaint include a short and concise statement of a party's claims, and Rule 10 of the Federal Rules of Civil Procedure, which requires that a complaint contain numbered paragraphs.  (Docket ## 141-1 at 14-15; 142 at 24-28).  Defendants further maintain that any claims against proposed new defendants Rodriquez and Sullivan are time-barred or cannot be added at this late date.  (Docket ## 141-1 at 9-13; 142 at 10-11).

In response, Valentin maintains that the validity of his claims is not properly before the Court on his motion to amend, and he opposes resolution of the futility challenges without an opportunity to respond to the dispositive motions.[5]  (Docket # 144).

---

[4]  Defendants also challenge many of Valentin's proposed amendments on the grounds that they are untimely.  (Docket ## 141-1 at 9-13; 142 at 10-11, 13-23).

[5]  In his proposed complaint, Valentin suggested that he intended to seek discovery relating to some of the information produced in December 2014.  (*See*, *e.g.*, Docket # 139 at 22).  However, on May 28, 2016, Valentin sent a letter to this Court stating that he wished to proceed with the determination of the dispositive motions pending before the district court without additional discovery.  (Docket # 145).  The docket does not reflect any pending discovery requests or motions, and this Court perceives no reason why the stay that Valentin originally requested should not be lifted.

Having spent considerable time reviewing the various versions of Valentin's complaint and the lengthy submissions relating to the pending motions, I agree with Valentin that many of his proposed amendments appear inextricably intertwined with the dispositive motions pending before the district court.  Indeed, although some of Valentin's proposed amendments seek to add factual allegations derived from documents produced by defendants in 2014, those factual allegations relate to claims contained in the Complaint that defendants seek to dismiss and the validity of which will be determined in connection with those dispositive motions.  Of course, it was Valentin who, rather than opposing the dispositive motions and cross-moving for leave to amend the complaint, requested to stay the dispositive motions while at the same time filing motions to amend seeking to address the deficiencies identified by the defendants.  Nonetheless, in order to avoid piecemeal resolution of the issues raised in the pending motions, I defer determination of Valentin's motion to amend to the district court in connection with its resolution of defendants' dispositive motions, except as to discrete issues relating to Valentin's request to add Sullivan and Rodriquez as defendants.  Valentin's motion to add those two proposed defendants raises timeliness issues that are not pending before the district court and that may be addressed by this Court without implicating the dispositive motions pending before the district court.

## DISCUSSION

**I.     Request to Add Sullivan as a Defendant**

Valentin's claim against Sullivan is based upon information contained in documents produced by defendants in December 2014 as part of discovery.  (Docket # 138 at 6-10 at ¶¶ 1, 1(a)-(f) and Exs. 6 and 7).  According to Valentin, Sullivan participated in a 1992

investigation of sodomy charges against Kemp.  (*Id.*).  Valentin maintains that Sullivan interviewed Kemp in the course of that investigation, signed the criminal complaint against Kemp, and was listed on the grand jury referral report relating to Kemp's sodomy charge.  (*Id.*).  Valentin also asserts that Kemp testified at, and Sullivan was on the witness list for, a hearing in a case related to the prosecution against Valentin that was prosecuted by Majchrzak, the same attorney who prosecuted Valentin.[6]  (*Id.*).  According to Valentin, Sullivan must have had contact with Majchrzak in connection with that hearing and should have disclosed Kemp's criminal history to Majchrzak.

The City Defendants oppose Valentin's request to add Sullivan as a defendant on the grounds that Valentin has failed to demonstrate good cause for his failure to request the amendment prior to February 2016.  (Docket # 142 at 8, 10-11).  According to the City Defendants, Valentin has possessed the documents that form the basis of his claim against Sullivan since December 2014 and could have, but did not, seek to add him as a defendant in his April 2015 motion to amend.[7]  (*Id.*).

Valentin acknowledges that he possessed the information he needed to seek leave to add Sullivan as a defendant at the time he filed his April 2015 motion to amend.  (Docket # 138 at 7-8 at ¶¶ 1(d)–(f)).  He maintains that his failure to add Sullivan at that time is excusable, however, because he was reviewing a "large amount of new discovery" while also

---

[6]  Valentin is apparently referring to the criminal prosecution of Jose Arroyo ("Arroyo"), who was also implicated in the February 2000 robbery.  (Docket # 1 at 10-11).  According to Valentin, Majchrzak was the prosecuting attorney for both the Arroyo case and for Valentin's case.  (Docket # 138 at 7 at ¶ 1(d)).  Valentin maintains that the prosecution of Arroyo was dismissed after Kemp, the sole testifying witness, was determined to be not credible.  (Docket # 1 at 10-11).

[7]  The City Defendants also maintain that any claim against Sullivan would be futile because Sullivan's participation in Kemp's 1992 arrest is an insufficient factual basis on which to premise a claim against him.  (*Id.* at 13).  The question of the legal validity of any claim against Sullivan appears substantially similar, if not identical, to the question of the legal validity of the claims against defendants Cotsworth, Mace, Murphy, Walther, Blaho, Adorante, Holmes and Hoke, which are pending before the district court.  (*See* Docket # 84-12 at 7-13).  In any event, I need not reach the City Defendants' futility arguments because, as discussed below, I conclude that Valentin has failed to demonstrate good cause for his amendment as required by Rule 16(b).

attempting a "major revision" of his complaint by the Court's April 2015 deadline.  (*Id.* at 8 at ¶ 1(f)).  As a result, he overlooked the document revealing that Sullivan had been listed as a witness in a related criminal hearing (presumably, a transcript of a hearing in the prosecution of Arroyo, who was also implicated in the February 2000 robbery).[8]  (*Id.*).  Valentin maintains that after he discovered the document, he sought leave to amend his complaint.  (*Id.*).

In deciding a motion to amend filed after the deadline for amending the pleadings has expired, a court must balance the requirements of Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure.  *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000).  Under Rule 15, "[t]he Court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Generally, under Rule 15, if the underlying facts or circumstances relied upon by a party seeking leave to amend may be a proper subject of relief, that party should be afforded the opportunity to test the claim on its merits.  *United States v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. at 182.

Rule 16(b) directs a district court to enter a scheduling order setting a deadline for subsequent proceedings in the case, including amendments to the pleadings.  Fed. R. Civ. P. 16(b)(3)(A).  By limiting the time for amendments, the rule is designed to offer a measure of

---

[8]  The record does not make clear when a full copy of the transcript was produced to Valentin.  (*Id.* at 7-8 at ¶¶ 1(e)–(f)).  According to Valentin, he was originally provided an incomplete copy of the transcript that did not include the list identifying Sullivan as a witness.  (*Id.*).  Although it is unclear when Valentin obtained the missing pages, he evidently possessed the entire transcript by December 2014, at the latest.

certainty in pretrial proceedings, ensuring that "at some point both the parties and the pleadings

will be fixed." *See* Fed. R. Civ. P. 16. Advisory Committee's Note (1983 amendment,

discussion of subsection (b)).  The rule provides that "[a] schedule may be modified only for

good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see also Parker v. Columbia

Pictures Indus.*, 204 F.3d at 340.

   In *Parker*, the Second Circuit addressed the showing required of a party moving

to amend its pleadings after the time set by the court for filing such motions.  *Parker*, 204 F.3d at

340.  In that case, the court joined several other circuits in holding that "the Rule 16(b) 'good

cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend

filed after the deadline a district court has set for amending the pleadings."  *Id*. (internal citations

omitted) (collecting cases).

   According to the Second Circuit, "despite the lenient standard of Rule 15(a), a

district court does not abuse its discretion in denying leave to amend the pleadings after the

deadline set in the scheduling order where the moving party has failed to establish good cause."

*Id.* at 340.  "Good cause," the court reasoned, "depends on the diligence of the moving party."

*Id.*; *accord Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) ("[w]hether good cause exists

turns on the 'diligence of the moving party'") (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d

80, 86 (2d Cir. 2003)), *cert. denied*, 562 U.S. 1102 (2010); *Kassner v. 2nd Ave. Delicatessen

Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439,

446 (W.D.N.Y. 1997).

   The moving party may demonstrate "good cause" by moving to amend promptly

after the discovery of new evidence following the scheduling deadline. *See Estate of Ratcliffe v.

Pradera Realty Co.*, 2007 WL 3084977, *4 (S.D.N.Y. 2007) (party demonstrated requisite

diligence by moving to amend ten days after discovering new evidence in a deposition).  Yet,

"where the substance of the proposed amendment was known to the movant [earlier in the

proceedings], but the movant nevertheless failed to act, courts have denied leave to amend under

Rule 16."  *380544 Canada, Inc. v. Aspen Tech., Inc.*, 2011 WL 4089876, *3-4 (S.D.N.Y. 2011).

Thus, a party who inexcusably delays after determining that he wishes to allege new claims,

whether by discovering new evidence or otherwise, will not satisfy the good cause standard.  *See*,

*e.g.*, *Volunteer Fire Assoc. of Tappan, Inc. v. County of Rockland*, 2010 WL 4968247, *4

(S.D.N.Y. 2010) (good cause lacking where plaintiff failed to move to amend complaint until

four months after advising court that it wished to do so); *Rambarran v. Mount Sinai Hosp.*, 2008

WL 850478, *3 (S.D.N.Y. 2008) (good cause not demonstrated where plaintiff moved to amend

five months following the deadline and failed to identify the new evidence giving rise to the new

claims or when such evidence was discovered); *Lawrence v. Town of Cheektowaga*, 2006 WL

2000124, *3 (W.D.N.Y. 2006) (delay of nearly one year after plaintiff obtained information

giving rise to requested amendment defeated motion to amend complaint); *Baergas v. City of

New York*, 2005 WL 2105550, *10 (S.D.N.Y. 2005) (two-month delay in filing motion to amend

after advising court of intent to do so did not satisfy good cause standard).

   In determining whether to grant a motion to amend, the court must weigh the

good cause shown for the delay against the prejudice to the non-movant that will result from the

amendment.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d at 244; *Evans v. Syracuse City

Sch. Dist.*, 704 F.2d 44, 46-47 (2d Cir. 1983).  Considerations of prejudice include whether the

new claim would (i) require significant additional discovery; (ii) significantly delay the

resolution of the dispute; or, (iii) prevent the non-moving party from bringing a timely action in

another jurisdiction.  *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993) (collecting

cases).  "However, the absence of prejudice to a nonmoving party does not alone fulfill the good

cause requirement of Rule 16(b)."  *Woodworth v. Erie Ins. Co.*, 2009 WL 3671930, \*3

(W.D.N.Y. 2009) (emphasis omitted) (internal citations omitted).

Although Valentin has demonstrated that his claim is based upon new evidence

produced in December 2014, he has failed to demonstrate that he acted diligently thereafter in

seeking leave to add Sullivan as a defendant to this action.  Approximately fourteen months

passed between the time that Valentin was provided the information forming the basis of his

claim against Sullivan and the filing of his motion to amend in February 2016.  Valentin

maintains that during that time he diligently reviewed the 1,500 pages of discovery produced by

defendants in December 2014 and hastily redrafted his complaint by the April 2015 deadline in

order to account for the information that he learned from that production.  According to Valentin,

his intensive efforts to satisfy the Court's deadline caused him to overlook the document that

revealed the link between Sullivan and Valentin's prosecution.

This Court accepts Valentin's argument that the burden of reviewing a large

production and revising the complaint within a four-month period may have caused him to

overlook initially the information that formed the basis of his claim against Sullivan.  He has

offered no explanation, however, for his failure to identify and act on that information during the

subsequent ten-month period.  At no time during that period did Valentin file a motion seeking to

extend the deadline to amend his pleadings, nor did he move for any other relief on the basis that

he had not been afforded sufficient time to review adequately the newly-produced documents

prior to his April 2015 filing.  Certainly, he knew or should have known at the time he filed his

April 2015 motion that his review of the December 2014 production was not as thorough as he

desired.  There is no apparent reason that he could not have conducted his second review and filed his motion to amend well before February 2016.

Indeed, a letter dated November 4, 2015 from Valentin to the attorney for the City Defendants demonstrates that at least by that time, approximately four months before Valentin sought leave to add Sullivan as a defendant, Valentin knew of the facts forming the basis of his claim against Sullivan.  Valentin has provided no explanation for his failure to seek leave to add Sullivan as a defendant at that time, or for his delay of four more months before seeking to amend.  In sum, I find that Valentin has failed to demonstrate good cause for his proposed addition of Sullivan as a defendant in this case.  *See*, *e.g.*, *Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013) ("[t]he district court acted well within its discretion in concluding that plaintiffs' three-month failure to move for amendment after learning the officers' names failed to demonstrate the diligence necessary to satisfy Rule 16"); *Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013) ("despite having sufficient notice of the relevant facts . . . , [plaintiff] inexplicably failed to file his motion to amend for another two months[;] . . . [plaintiff's] actions hardly evince diligence"); *Lowry v. Eastman Kodak Co.*, 14 F. App'x 27, 30 (2d Cir. 2001) (summary order) ("[plaintiff] offers no good cause for his delay in filing an amended complaint[;] [e]ven assuming . . . he [discovered] evidence to support his new theory . . . , he did not seek to amend his complaint until five months after the new evidence surfaced"); *Tardif v. City of New York*, 2016 WL 2343861, *5 (S.D.N.Y. 2016) (plaintiff failed to demonstrate diligence where she did not file her motion seeking leave to amend the complaint until more than five months after learning the information; "[t]his lengthy delay, coupled with [plaintiff's] failure to apprise the [c]ourt of her progress and her plans to make additional substitutions, falls far short of the diligence necessary to show good cause for the purposes of

14

Rule 16"); *Gizewski v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 2016 WL 3661434, *18 (N.D.N.Y. 2016) ("[p]laintiff has failed to demonstrate the due diligence necessary to establish good cause by failing to take any action during the five months that elapsed between mid-March [when he learned the information] and mid-August [when he filed the motion to amend]"); *Citibank N.A. v. City of Burlington*, 2013 WL 6528515, *10 (D. Vt. 2013) (plaintiff was not diligent where it sought leave to amend approximately two months after discovering additional information during depositions); *Kodak Graphic Commc'ns Canada Co. v. E.I. du Pont de Nemours & Co.*, 2011 WL 4711968, *6 (W.D.N.Y.) ("nearly a year before this motion was filed, [defendant] had the basis to allege [the proposed amendments]; [i]ts failure to move in a more timely manner amounts to impermissible delay and does not satisfy the good cause standard"), *report and recommendation adopted*, 2011 WL 6826650 (W.D.N.Y. 2011); *Lawrence v. Town of Cheektowaga*, 2006 WL 2000124 at *3 (delay of nearly one year after plaintiff obtained information giving rise to requested amendment defeated motion to amend complaint).  In reaching this conclusion, I note that Valentin's *pro se* status does not relieve him of compliance with Rule 16(b)'s diligence requirement.  *Li v. Morrisville State Coll.*, 2010 WL 2735711, *4 n.5 (N.D.N.Y. 2010) ("[t]his [c]ourt affords *pro se* litigants special solicitude[;] . . . [n]evertheless, a litigant's 'pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law'") (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)), *aff'd*, 434 F. App'x 34 (2d. Cir. 2011).

        In sum, assuming that Valentin's explanation justifies his failure to move to add Sullivan to his proposed amended complaint in April 2015, it does not excuse his failure to do so during the subsequent ten-month period prior to his filing of the pending motion.  *See Johnson v. Jayne*, 2015 WL 11988851, *3 (W.D.N.Y. 2015) (denying *pro se* plaintiff leave to amend for

failure to demonstrate diligence; "plaintiff does not explain why he could not have earlier reviewed his discovery to learn that [the named defendant] was not the correct defendant"), *report and recommendation adopted sub nom.*, *Lionkingzulu v. Jayne*, 2016 WL 4493779 (W.D.N.Y. 2016); *Yates v. Cunningham*, 2012 WL 4473260, *3 (W.D.N.Y.) (denying *pro se* plaintiff leave to amend for failure to demonstrate diligence; "[plaintiff] has proffered no explanation for his failure to seek to add . . . a defendant until more than a year after the deadline for amending the pleadings had expired and after he had obtained the discovery necessary to learning [the proposed defendant's] identity"), *report and recommendation adopted*, 2012 WL 4473257 (W.D.N.Y. 2012); *Tafuto v. N.Y. State Office for Children & Family Servs.*, 2011 WL 2077089, *3 (S.D.N.Y. 2011) (denying *pro se* plaintiff leave to amend; "the delay between [p]laintiff's understanding, in September and October 2010, and her motion to amend, in February 2011, demonstrates a lack of diligence that cannot be excused by her *pro se* status"). Accordingly, I find that Valentin has failed to demonstrate good cause and deny his request to add Sullivan as a defendant in this case.


## II.     Request to Add Rodriquez as a Defendant

Valentin seeks to add Rodriquez as a defendant to this action based upon information he learned from a document produced to him in December 2014.  (Docket # 138 at 10-11 at ¶¶ 2, 2(a)-(c)).  In essence, Valentin maintains that Rodriquez, an investigator employed by the Monroe County District Attorney's Office, was assigned to locate Kemp to ensure that he was present to testify against Valentin during his criminal trial.  (*Id.*).  Valentin contends that Rodriquez successfully located Kemp and that, as a result of his involvement with Kemp, Rodriquez learned or should have learned of Kemp's prior criminal history.  (*Id.*).  According to

Valentin, Rodriquez should have disclosed Kemp's history to the prosecuting attorney and is liable to Valentin for his failure to have done so.  (*Id.*).

The County Defendants do not oppose Valentin's motion to add Rodriquez on "good cause" grounds.[9]  (Docket # 141-1).  Rather, they maintain that Valentin's addition of Rodriquez at this stage of the litigation would be futile because the claims against him are time-barred and do not relate back to the original complaint under Rule 15 of the Federal Rules of Civil Procedure.  (*Id.* at 9-13).  They also maintain that any claim against Rodriquez would be futile because he is entitled to absolute immunity.  (*Id.* at 19).

Valentin has made no attempt to demonstrate that his claims against Rodriquez would relate back to the original complaint.  Rather, he maintains that he should be permitted to add Rodriquez to the complaint because the County did not produce the information revealing Rodriquez's role until December 2014.  (Docket # 138 at 10 at ¶ 2).

Despite the ordinarily lenient Rule 15 standard applicable to motions to amend,[10] "it is not an abuse of discretion to deny leave to amend" where the amendment proposed by the moving party is futile.  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  The determination whether a proposed amendment is futile is made under the same standard as that used to determine whether a claim would be subject to a motion to dismiss.  *See Hampton Bays Connections, Inc. v. Duffy*, 212 F.R.D. 119, 123 (E.D.N.Y. 2003) (citing *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 160 F. Supp. 2d 657, 666 (S.D.N.Y. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)).

---

[9]  Unlike his motion to add Sullivan, Valentin's motion to add Rodriquez was filed in April 2015, four months after receiving the December 2014 production.  (Docket # 124).

[10]  Because Valentin seeks to add a new defendant, his motion must also be evaluated under Rule 20(a) of the Federal Rules of Civil Procedure, which governs joinder of additional parties.  Fed. R. Civ. P. 20(a).  The County Defendants do not oppose the addition of Rodriquez to the action under Rule 20(a).

The County Defendants' position that the claims against Rodriquez do not relate back to the filing of the original complaint rests on the premise that the statute of limitations applicable to those claims has necessarily expired.  In advancing their argument, the County Defendants have failed to address Valentin's position that he was unable to assert, or move to assert, a claim against Rodriquez earlier than he did because the defendants obstructed the discovery process and only recently produced documents that had long been requested by Valentin.  Valentin's position appears to raise the question whether the doctrine of equitable tolling or estoppel applies to Rodriquez's statute of limitations defense.

Despite maintaining that the claims against Rodriquez are untimely, the County Defendants have failed to identify when the claims accrued.  It is clear that the claims arise from an alleged *Brady* violation that occurred in 2001 during Valentin's prosecution.  Caselaw supports the proposition that Valentin's claims did not begin to accrue until at least January 10, 2011, the date of the decision granting Valentin's petition for a writ of habeas corpus and ordering the expungement of his conviction, *Valentin v. Mazzuca*, 2011 WL 65759 (W.D.N.Y. 2011).  *See, e.g.*, *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000) (statute of limitations accrued on date court issued writ of habeas corpus vacating conviction for failure to provide *Brady* material); *Leka v. City of New York*, 2006 WL 2819621, *3 (S.D.N.Y. 2006).

The statute of limitations applicable to Section 1983 actions is three years – the limitations period provided under New York law for unspecified injury actions.  *See* N.Y. C.P.L.R. § 214(5); *Owens v. Okure*, 488 U.S. 235, 251 (1989) (applying New York's three-year statute of limitations to Section 1983 case); *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35 (2d Cir. 1996) ("[b]ecause New York's three-year limitations period, applicable to section 1983 claims, expired [before the plaintiff filed his motion to amend], [the plaintiff] may now amend

his complaint to add those officers only if the amendment would 'relate back' to the date he filed his original complaint") (internal citation omitted).   In this case, Valentin filed the Complaint on May 3, 2011 approximately four months after the decision granting his habeas petition.   (Docket # 1).  He moved to add Rodriquez as a defendant on April 10, 2015.  (Docket # 124).  Accordingly, Valentin's claims against Rodriquez would appear to be time-barred unless they relate back to the filing of the original complaint or equity permits the pleading of the otherwise time-barred claim.

Because the statute of limitations for Section 1983 claims is borrowed from state law, the tolling of the statute of limitations for such claims is "generally governed by state tolling provisions."  *Deraffele v. City of New Rochelle*, 2016 WL 1274590, *11 (S.D.N.Y. 2016).  Nevertheless, "courts may apply the federal equitable tolling standard 'as a matter of fairness.'"  *Id.* (quoting *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996)); *see also Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (applying federal doctrine of equitable tolling to plaintiff's Section 1983 claim), *cert. denied*, 547 U.S. 1101 (2006); *Robie v. Obst*, 2015 WL 4208639, *3 (W.D.N.Y. 2015) ("federal courts use state tolling provisions when deciding §1983 claims because of the close relationship between a state's statute of limitations and its tolling provisions[;] . . . [n]onetheless, a plaintiff may still toll the statute of limitations by asserting equitable estoppel or equitable tolling, as 'it is well settled that the federal courts have the power to toll statutes of limitations borrowed from state law'") (quoting *Meyer v. Frank*, 550 F.2d 726, 729 (2d Cir. 1977)); *Ellis v. Wilkinson*, 81 F. Supp. 3d 229, 235 (E.D.N.Y. 2015) ("it is well-settled that federal courts should borrow the forum state's tolling rules[;] . . . [a]s the Second Circuit has explained, New York courts have adopted the same equitable tolling doctrine that exists under federal law") (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir.

2002) and *Keating v. Carey*, 706 F.2d 377, 382 (2d Cir. 1983)); *Moses v. Westchester Cty. Dep't of Corr.*, 951 F. Supp. 2d 448, 454 (S.D.N.Y. 2013) ("[f]ederal courts deciding section 1983 actions generally apply the tolling provisions of the state in which the action is brought, . . . unless doing so would be contrary to the federal policy goals of compensation of persons injured by a deprivation of federal rights and the prevention of abuses of power by those acting under color of state law underlying section 1983") (internal citations and quotations omitted).

"Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hosp.*, 86 F.3d at 12. The doctrine of equitable tolling is applied "only in rare and exceptional circumstances, where . . . extraordinary circumstances prevented a party from timely performing a required act." *Walker v. Jastremski*, 430 F.3d at 564 (internal quotations omitted); *see Rene v. Jablonski*, 2009 WL 2524865, *6 (E.D.N.Y. 2009) (statute of limitations deadlines may " be equitably tolled in 'in rare and exceptional circumstance[s],' in which a party is 'prevented in some extraordinary way from exercising [his] rights'") (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000), and *Johnson*, 86 F.3d at 12). Application of equitable tolling considerations is "fact-specific" and "does not lend itself to bright-line rules," *Barton-Nachamie v. United States*, 2005 WL 356811, *1 (S.D.N.Y. 2005), and a party seeking equitable tolling must establish that he has "acted with reasonable diligence during the time period [he] seeks to have tolled," *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003).

The proper focus is "on plaintiff's purported ignorance of a claim rather than on defendant's alleged concealment of the claim" because "the essence of the doctrine 'is that a statute of limitations does not run against a plaintiff who is unaware of his cause of action.'"

*Majid v. Fielitz*, 700 F. Supp. 704, 706 (S.D.N.Y. 1988) (quoting *Dillman v. Combustion Eng'g, Inc.*, 784 F.2d 57, 60 (2d Cir. 1986)), *aff'd*, 891 F.2d 277 (2d Cir. 1989).  In other words, although the doctrine may apply "when a defendant has taken positive steps to keep a claim concealed, defendant's steps are not always necessary to invoke the doctrine."  *Id.* at 707.

       The record in this case demonstrates that since May 2013, when he began to represent himself,[11] Valentin has been diligent and persistent in his attempts to obtain discovery from the defendants, particularly discovery related to Kemp and Bower.  (Docket ## 32, 34, 36, 38, 44, 45, 55, 56, 58, 67, 80, 81, 112, 113, 130, 133).  For example, Valentin propounded written discovery requests in July 2013 and November 2013.  (Docket ## 34, 36, 38, 44).  He also filed several motions seeking to compel responses to his requests, including requests served by his former attorney in April 2013.  (Docket ## 32, 45, 55, 67, 80, 81).  Valentin sought and obtained Court intervention on two occasions to compel defendants to produce the documents that ultimately disclosed Rodriquez's role.  (Docket ## 59, 101).  Indeed, only after this Court's September 26, 2014 Decision and Order did the defendants finally produce documents relating to Kemp and Bower in December 2014.  (Docket ## 101, 105, 106, 107, 108, 110, 111).  These documents appear to be responsive to Valentin's April 2013 discovery requests served almost thirty-two months earlier.  (Docket # 101 at 5 ("[i]n essence, these demands seek documents in the possession of [defendants] relating to any criminal investigation, proceedings or convictions of Valentin, Bower and Kemp").

---

       [11]  Prior to May 2013, Valentin was represented by counsel who propounded written discovery requests on February 29, 2012, and sought to compel responses to those requests on March 14, 2013.  (Docket ## 20, 59).  Defendants disputed whether they had been served with the discovery requests, and Valentin's counsel thereafter withdrew the motion to compel and apparently served written discovery demands on April 17, 2013.  (Docket # 59 at 2, 4).  Dissatisfied with his attorney and with the conduct of discovery, Valentin requested to proceed *pro se*.  (Docket ## 26, 27, 59 at 2).  Valentin's application was granted and, as explained herein, Valentin has diligently pursued discovery since that time.

Thus, the record suggests that Valentin has acted with "reasonable diligence" since May 2013 to obtain relevant discovery, review that discovery, and move to amend his complaint to add claims against Rodriquez.  Indeed, this Court observed at about the time Valentin first moved to amend following the December 2014 production that "defendants had not responded to many long-overdue discovery requests served on them by plaintiff."  (Docket # 123 at 4-5).  Under these circumstances, it is possible, although far from clear, that Valentin may be able to satisfy the extraordinary showing needed to justify application of the equitable doctrine of tolling or estoppel during the period when he was pursuing discovery of documents relating to Kemp and Bower.  *See Wahad v. Fed. Bureau of Investigation*, 132 F.R.D. 17, 21 (S.D.N.Y. 1990) (applying equitable tolling where defendants "had been somewhat less than forthcoming" in discovery and "plaintiff's counsel had been sufficiently diligent in culling through the massive amount of documents eventually produced by the federal defendants and in filing a motion to amend the complaint three months after the last of those documents were produced").  Accordingly, on the record before the Court, I find that defendants have not demonstrated that Valentin's claims against Rodriquez are necessarily time-barred and therefore futile.[12]

The County Defendants also maintain that the claims against Rodriquez are futile because Rodriquez is entitled to absolute immunity.  (Docket # 141-1 at 19).  The question of immunity is pending before the district court in connection with the County Defendants' motion for judgment on the pleadings relating to identical legal claims asserted against defendants

---

[12] This Court's determination is based upon the record currently before the Court.  Resolution of a statute of limitations defense is likely to involve consideration of facts outside of the pleadings and may benefit from further briefing or factual development.  *See Doe v. Selsky*, 948 F. Supp. 2d 306, 310 (W.D.N.Y. 2013).  In the event that the district court determines that the claim against Rodriquez is not otherwise futile and Valentin is permitted to add Rodriquez as a defendant, Rodriquez will be free to assert and litigate any and all affirmative defenses that may be available to him, including a statute of limitations bar.

Caceci and Sisca on similar facts.  (Docket # 68-2 at 8-9).  The issue as it pertains to Rodriquez should also be resolved by the district court, and I defer consideration of it to Judge Siragusa.

**CONCLUSION**

For the reasons discussed above, Valentin's motion to amend **(Docket # 138)** to add Sullivan as a defendant is **DENIED**.  This Court further rejects the County Defendants' position that Valentin's motion to add Rodriquez as a defendant is futile as time-barred.  The remainder of Valentin's motion to amend **(Docket # 138)** will be considered by the district court in connection with its determination of defendants' pending dispositive motions.

**IT IS SO ORDERED.**

_____
*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
        September 30, 2016